BAWEJA *v.* DZIERWA.

1. DEEDS—CANCELLATION—PERFORMANCE—CONTRACT    TO    SUPPLY
   HOME.

   In grantor uncle's suit to cancel deed of 66-acre farm, finding
     of trial court that defendant nephew and wife had not per-
     formed their part of the contract to supply home relationship
     which uncle had a right to expect under the circumstances
     was sustained by record.

2. SAME—SUPPORT OF PERSONS—PERFORMANCE.

   In suit to cancel deed of 66–acre farm executed by uncle to
     nephew and wife in return for their agreement to furnish
     home care, maintenance and burial, no adjustment is made
     for period during which uncle remained on the farm and de-
     fendants had use of it.

3. SAME—CANCELLATION OF INSTRUMENTS—RESTORATION.

   In uncle's suit to cancel deed of 66-acre farm to his nephew
     and wife where it appears latter took over farm tools and
     livestock where cancellation is provided as one alternative,
     restoration of such personalty should be accounted for in
     kind or in money value and defendants relieved of obligation
     to pay plaintiff's debts which were approximately of the same
     value as plaintiff's personalty.

4. SAME—CANCELLATION OF INSTRUMENTS—IMPROVEMENTS—CONSID-
   ERATION.

   Nephew and wife who agreed to pay uncle's debts upon re-
     ceiving deed to farm now sought to be cancelled by latter
     are entitled to credit for sum paid thereon and amount spent
     for permanent improvements less rental value of farm for
     period defendants had the use of the farm without considera-
     tion therefor moving to plaintiff.

5. ACCOUNTING—BILLS AND NOTES—REIMBURSEMENT.

   In uncle's suit for cancellation of deed of his farm to nephew
     and wife and for an accounting by defendants, where bank

notes signed by plaintiff and nephew were latter's obliga-
tions, plaintiff is entitled to reimbursement in case he is
compelled to make any payment on the notes.

6. Deeds—Accounting—Improvements—Consideration.

   Under accounting phase of uncle's suit to cancel deed of 66–acre
   farm to nephew and wife, plaintiff would be entitled to can-
   cellation upon payment of $800, the amount of excess of
   credits, but defendants, who have performed in part and made
   permanent improvements, are afforded, for a 30-day period, op-
   portunity to have farm and personalty thereon upon payment
   for value of farm and rental for period they occupied it after
   plaintiff lived elsewhere and received none of the considera-
   tion for which he had deeded the farm.

7. Same—Costs—Modification of Decree.

   No costs are awarded on appeal in uncle's suit to cancel deed
   of farm and for an accounting by his nephew and wife
   where decree of trial court is modified and affirmed.

Appeal from Allegan; Miles (Fred T.), J. Sub-
mitted January 13, 1943. (Docket No. 23, Calendar
No. 42,216.) Decided May 18, 1943. Rehearing de-
nied June 30, 1943. Reconsideration denied Sep-
tember 7, 1943.

Bill by John Baweja against Carl Dzierwa and
Anna, his wife, for cancellation of a deed and for
injunctive and other relief. Decree for plaintiff.
Defendants appeal. Modified and affirmed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*John J. Smolenski,* for defendants.

Bushnell, J.  Prior to April 3, 1939, when a deed
to defendants was executed, plaintiff John Baweja
was the owner of a 66-acre farm in Hopkins town-
ship, Allegan county. Defendant Carl Dzierwa,
plaintiff's nephew, had, for 9 or 10 years prior to
1929, when he became 20 years of age, made his
home with John Baweja, and had been treated by

him as a son. He then left the farm, went to Grand Rapids to work, and in 1932 was married.

Despite the change in circumstances, Carl continued to visit his uncle frequently, and helped him with the farm work. Upon one of these visits, the bill of complaint alleges, the parties agreed that, if John would give Carl and his wife, Anna, a deed to the farm, they would provide him with a comfortable home and satisfy all his necessities for the remainder of his life. To make this proposal effective, a deed was prepared which contains the following covenant:

"And as a further consideration said second parties, or the survivor of them, hereby undertakes and agrees to provide a good support and maintenance upon the above-described premises for said first party and furnish him all necessary food, clothing, care and nursing when sick, and all medical attendance during his natural life, and will treat him kindly, and permit no unkind treatment by others of him during his lifetime, and will make his declining years as comfortable as possible and at his decease will provide a good and suitable burial for him, and if said second parties, or the survivor of them, performs all of the above conditions, then the title of said premises rests absolutely in them, the said second parties, or the survivor of them."

John claims that he executed the deed in question because of the love and the affection he bore Carl, but the latter insists that he consented to the arrangement only after repeated requests by his uncle, who was ill and unable to operate the farm. Carl further testified that he sold his house in Grand Rapids at less than its market value, used this and other money for needed improvements on the farm, and did all in his power to carry out his part of the agreement.

As sometimes happens in these situations, the plans miscarried and John left the farm in April of 1941. Shortly thereafter he filed a bill to cancel the deed and obtained a decree requiring the defendants to pay him the sum of $4,000 and interest at 5 per cent. from April 3, 1939; or, in the alternative, $600 forthwith, $7 per week for the remainder of life, and, upon his death, the sum of $200 for his funeral expenses. The decree also contained suitable provisions for the payment of plaintiff's debts and eventual transfer of title to defendants of all personal property located on the farm. The court impressed a lien upon the real property, the farm stock and equipment for the payment of this money. Defendants have appealed and claim that the relief granted was not just and equitable, and that John did not establish, by a preponderance of the evidence, a substantial breach of the covenant.

The record sustains the circuit judge's conclusion that defendants failed to perform their part of the contract incident to which they received the deed of plaintiff's farm. Carl's wife did not come to reside on the farm during the time plaintiff remained there with Carl, though she spent her week ends there. She was employed in Grand Rapids. Plaintiff for the most part had to prepare his own meals; and in general the home relationships were by no means of the character that plaintiff had a right to expect incident to his happiness and comfort, and the record justifies the conclusion that Carl was much at fault in this particular.

A more difficult phase of this case is to determine the manner in which an equitable undoing or cancellation may be accomplished. While it was not wholly satisfactory, plaintiff continued to live with Carl on the farm for approximately two years. During this period plaintiff had his maintenance and Carl had the use of the farm. In a way the contract was per-

formed for that period, and little or no adjustment need be attempted for that interval. But thereafter plaintiff lived elsewhere ·and has received nothing for the use of his property. Since plaintiff left the farm in April, 1941, defendants have had the use of the property without consideration of any kind moving to plaintiff. We think the following items should be taken into consideration in arriving at an equitable adjustment.

When Carl went upon the farm, he took over the farm tools and livestock. These items (not including the corn, oats and wheat which were fed to the stock on the farm) under approval of the trial court should be restored to plaintiff in kind or be accounted for in money value. In consequence of the above provision, defendants should be relieved of their agreement to pay plaintiff's debts which at the time the deed was given amounted to approximately $1,300, this also being the approximate value of the personal property on the farm. Carl actually paid on plaintiff's indebtedness only $280.94; and Carl has expended approximately $900 in permanent improvements on the farm. These two items should be allowed as credits to defendants. As against them, defendants should be charged with a reasonable rental value of the farm for the two years during which plaintiff has not resided there. The trial court considered, and we think correctly, that the fair rental value of the farm property was $200 per year. The two years' rental would total $400.

In his bill of complaint plaintiff offered "to pay defendants any sum they may have coming to them for improvements" and to do equity. He should pay defendants the above items of $280.94 and $900, totalling $1,180.94, less the above-noted rental of $400. If, disregarding the exact figures, this difference were fixed at $800, we think a fairly equitable result would be obtained.

In connection with the foregoing, the following should be noted: During the time plaintiff was with Carl on the farm they executed two promissory notes. One was to the Moline bank for $50,. the other to the Wayland bank for $175. These notes were for loans made to Carl; and as between him and plaintiff, they should be considered as Carl's obligations. If plaintiff is compelled to meet these obligations in whole or in part, he should be reimbursed by Carl.

The foregoing would result in plaintiff being granted cancellation upon paying or tendering to defendants $800. However, if under all the circumstances of this case, defendants feel that the above disposition of the controversy works an undue hardship to them, at their option they may elect within 30 days after decision herein in writing filed with the clerk of this court with a deposit of $500 in evidence of good faith, to purchase plaintiff's farm and the personal property that was thereon and turned over to defendants at the time of the execution of the deed for the sum of $4,400. The amount indicated is fixed on the basis of $4,000 purchase price and $400 rental of the farm from and after April, 1941.

After the expiration of the 30 days herein provided for defendants to exercise their option to purchase the farm, a decree may be entered in this court in accordance herewith; and if cancellation is decreed, the case will be remanded to the trial court with jurisdiction to determine an equitable adjustment relative to the personal property as hereinbefore provided. Plaintiff will have costs of the trial court, but no costs are awarded on this appeal.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Sharpe, JJ., concurred.